CROSBY, *administrator of Joseph Cutler, versus* OTIS.

When lands belonging to the wife have been sold by an authorized agent, the money received therefor, in the hands of the agent, belongs to the husband, and, after his death, may be received by his administrator.

Neither at law or equity, can the widow maintain process against the agent to recover such money.

Interest on the balance of an account stated, is recoverable from the date of the settlement.

ASSUMPSIT to recover $1927,09, with its interest since October 17, 1845. The plaintiff introduced an account stated, of that date, signed by the defendant, showing a balance of that amount in favor of *the intestate.*

It appeared *that* a certain township of land, called No. 8, was owned by certain proprietors, the wife of said Joseph Cutler being owner of fourteen thirty-seconds, and the defendant being also one of the owners ; *that* the defendant had acted as agent of said proprietors, having sold lands as their treasurer, and paid to each of the individual proprietors, from time to time, (agreeably to an arrangement among them,) their proportions of moneys received for lands sold, and on notes taken for lands sold.

It further appeared, *that* said Cutler had always acted for the interest owned by his wife ; had corresponded with said defendant, and had settled, after a protracted investigation, the account exhibited, being for receipts and payments on account of said fourteen thirty-second parts of said lands ; and *that* said defendant had been called upon to pay such balance, and had made direct promises to said Cutler in his lifetime, by letter and verbally, to do so.

*Robinson,* for the plaintiff.

The stated account is conclusive as to the *party* whom the defendant owed. It is an admission that he was acting as agent for the *husband.*

Though the lands belonged to the wife, yet when sold and converted into cash, the fund was at once vested in the husband. It was not in the nature of a chose in action, once

Crosby v. Otis.

owned by her.  She always consented to his management of the concern, and now makes no claim.  *Shuttlesworths* v. *Noyes, & Downs, Trustee,* 8 Mass. 229 ; *Russell* v. *Brooks,* 7 Pick. 65 ; *Washburn* v. *Hale, Adm'r,* 10 Pick. 429 ; *Commonwealth* v. *Manley,* 12 Pick. 173 ; *Emerson* v. *Cutler,* 14 Pick. 108 ; *Pierce* v. *Thompson,* 17 Pick. 391 ; *Savage* v. *King,* 17 Maine, 301 ; *Chase* v. *Palmer,* 25 Maine, 341.

*J. A. Peters,* for the defendant.

1. If there should any thing be recoverable by the plaintiff, his claim to *interest* is not well founded.  The defendant was acting as an agent for others, and not bound to pay interest till after a particular and certain demand.  None such appears here.  No date is shown when any demand was made.  If no date be shown with certainty, the date of the writ shows the time of the demand.

2. The plaintiff has no title to recover.  The fund in the defendant's hands belongs to Mrs. Cutler.  Not having been reduced by the husband into actual possession, he took no right in it.  A recovery here would not bar one by her.  The report itself shows, that the husband was "acting for the interest owned by his wife," that is, as agent for her.  The promise then was, in legal intendment, made to her.

3. The stated account can be no foundation for this suit. It was not founded on any new consideration.  Even if the husband could have sued upon that account as on a new promise, this action is not brought upon a new promise.  The account was no contract.  It merely fixed the amount due to the rightful creditor.  To entitle the husband to recover, he must have got the claim into a judgment or into money, or into a new, valid contract, which changes and destroys the old obligation entirely, and *amounts to a payment in money.*  It must be a destruction of the old claim, so that the husband, even while alive, could in no manner availed himself of the old claim in any form.  Com. Dig. Baron and Feme, (E. 3) ; Kent's Com. vol. 2, Lecture 28, sect. 4.

No matter whether the claim accrued *before* or *after* cover-

ture. Com. Dig. Baron and Feme, (V.); 2 Mod. 133; 3 Term R. 631; 6 Johns. Chan. 178; 9 Vesey, Jun. 174.

It matters not, even if the husband had exercised acts of claim and ownership, or if the debtors had assumed the claim as belonging to the husband, and acted accordingly, unless they had entirely discharged the original obligation.

HOWARD, J. — The defendant, as treasurer of the proprietors of "township No. 8," sold certain portions of their lands, and accounted for the proceeds, from time to time, to the proprietors individually, "agreeably to an arrangement between them." The wife of the intestate was one of the proprietors, and owned fourteen thirty-second parts of the township. Her husband "had always acted for the interest owned by his wife, had corresponded with the said Otis, and settled, after a protracted investigation, the accounts exhibited, being for receipts and payments on account of said fourteen thirty-second parts of said lands." The statement of the accounts, signed by the defendant, and exhibited as a part of the case, purports to be an account current between him and Joseph Cutler, the intestate, commencing in August, 1835, and closing at the date of the settlement, October 17, 1845. This account shows a balance of $1927,09 due to the deceased; "and the defendant had been called upon to pay such balance, and had made direct promises to said Cutler, in his lifetime, by letter and verbally so to do." The intestate died in May, 1848, and this suit was brought by his administrator, to recover the balance named, and interest.

The wife of the intestate is still living, and it is understood that she does not object to the maintenance of the action; at least, no objections have been presented by her in the progress of the cause; and it seems to be admitted that the defendant was properly authorized, and empowered to make sale of the lands, in the manner in which it was done. The fee of the lands was in Mrs. Cutler, and in her real estate the husband had only a qualified interest, during coverture. At his decease she would be admitted to the entire control of the property in

Crosby *v.* Otis.

her own right, unaffected by any claims of his representative, heirs, or creditors. When, however, the real estate of the wife was legally alienated, the proceeds in money became personal property, and belonged to the husband. It was his money in the hands of the defendant, although an equivalent for her lands. The defendant became his debtor by operation of law, and accountable to him only, subject to the rules of law, applicable to debtor and creditor. At the death of the husband, the debt was a part of his estate to be administered by his representative. 2 Black. Com. 435; 2 Kent's Com. 135; *Barlow* v. *Bishop*, 1 East, 432; *Doswell* v. *Earle*, 12 Ves. 473; *Savage* v. *King*, 17 Maine, 301; *Chase* v. *Palmer*, 25 Maine, 341; *Commonwealth* v. *Manley*, 12 Pick. 173; *Emerson* v. *Cutler*, 14 Pick. 119.

It is proved that the defendant received the proceeds of the sale of the lands of the wife during coverture, under the direction of the husband; that he kept the account with the husband solely; and that he has paid him a large portion of the proceeds, and has frequently promised to pay him the balance, on demand made. The husband claimed the proceeds, not, as the evidence indicates, for his wife, but for himself; and it does not appear that either the husband or wife ever intended that this fund should be treated as her estate. The defendant, then, cannot stand upon the supposed right of the wife to the money in his hands, when, upon the facts of this case, she could not, if she chose to do so, maintain a claim for it in her own right, in law, or in equity.

The action is maintainable; and, according to the agreement, the defendant is to be defaulted, and judgment must be rendered for the plaintiff, for the balance of $1927,09, with interest from October 17, 1845, when it was admitted to be due on settlement.